IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES OF AMERICA**

**V.** NO. 4:23-CR-136

**SLEXCIA NEAL**

### ORDER

On October 8, 2025, the government filed a motion for "an Order in accordance with 28 U.S.C. § 2044, allowing for the $1,500.00 bond money presently on deposit in the Court Registry to be disbursed towards [Slexcia Neal's] imposed monetary obligation." Doc. #75 at 2. As cause, the government represents that "[o]n October 6, 2023, … Neal … filed a secured appearance bond that was secured by $1,500.00 in cash, which [Neal] deposited with the Court;" "[Neal] was sentenced on January 29, 2025, to a term of imprisonment and ordered to pay $300.00 for a special assessment and $1,968,708.00 in restitution;" and "[t]o date, [Neal] has not made any payments, leaving an outstanding balance due of $1,969,008.00." *Id.* at 1. Neal did not respond to the motion. *See* U.L. Crim. R. 47(C)(1) (setting response deadline as "[w]ithin eleven calendar days after a motion is filed").

28 U.S.C. § 2044 instructs:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant. … This section shall not apply to any third party surety.

Because the government is correct that Neal paid $1,500.00 in cash as security for her bond;[1] the

---

[1] Doc. #5-1. The payment receipt lists Handel R. Durham, Jr., one of Neal's attorneys. *Id.*; Doc. #14. However, since Durham did not sign the bond as Neal's surety, *see* Doc. #5, and it is undisputed that Neal provided the money for her bond security, there is no reason to conclude that Durham was Neal's third party surety.

Court ordered Neal to pay $1,968,708.00 in restitution and a $300.00 assessment;[2] and Neal does not dispute the factual representations in the motion, including that she has not made any payments towards the restitution and assessment[3] amounts imposed, the government's motion [75] is **GRANTED**.

    **SO ORDERED**, this 27th day of October, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] Doc. #63 at 6. The Court did not waive interest on the restitution amount imposed. *Id.*

[3] *See id.* at 7 ("Pursuant to the plea agreement, payment of restitution is due and payable in full immediately.").